IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert E. Siders, | ) | C/A No.: 2:15-1271-MGL-MGB |
|              Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Andy Strickland; Jodie Taylor; David S. Mathews; and Colleton County Sheriff's Ofc., | ) | |
|              Defendants. | ) | |

Albert E. Siders ("Plaintiff"), proceeding pro se and in forma pauperis, is presently incarcerated in the South Carolina Department of Corrections. At the time he filed his complaint, Plaintiff was a pre-trial detainee incarcerated at Colleton County Detention Center. He files this action pursuant to 42 U.S.C. § 1983 against Colleton County Sheriff's Office ("CCSO"), CCSO Sheriff Andy Strickland ("Strickland"), CCSO Captain Jodie Taylor ("Taylor"), and Colleton County Public Defender David S. Matthews ("Matthews") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to CCSO and Matthews.[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining

I.       Factual and Procedural Background

Plaintiff claims that he is subject to a group punishment that has him confined in his cell for 24 hours one day per week, and for 23 hours six days per week. [ECF No. 1 at 3]. Plaintiff contends that state law standards provide that an inmate held for more than 72 hours in general population should be given at least one hour of physical exercise a day. *Id.* at 4. Plaintiff argues that Strickland and Taylor have locked him down without a disciplinary hearing. *Id.* at 3–4. Plaintiff alleges that he does not have the opportunity to call his family or his attorney, and claims that he is not allowed to watch the news or read a newspaper. *Id.* at 4. Plaintiff alleges that the 23 hour lockdown has stopped all communications with the press. *Id.* Plaintiff argues that he is locked down in inhumane conditions that include being housed in a cell without a working ventilation system, exposed to rust, dust and black mold, and showers that "are not clean for weeks at a time and have black mold." *Id.* Plaintiff also claims that he is forced to eat his meals in his cell. *Id.*

Additionally, Plaintiff alleges that he was arrested on February 21, 2014, and claims that he was placed in protective custody this same day. *Id.* at 6. Plaintiff contends that he was a confidential informant for the Colleton County Drug Task Force Law Enforcement Agency ("Agency") and argues that the Agency placed his life in danger

---

defendants.

when it wrongfully exposed his identity to "the underground public." *Id.* Plaintiff claims that the Agency arrested two criminal suspects on February 15, 2013, the day after he worked undercover for the Agency by purchasing drugs from each suspect on February 12 and 14, 2013. *Id.* Plaintiff alleges that he was wired for video and audio when the drug transactions occurred. *Id.* Plaintiff argues that his identity was exposed to the suspects when one of the officers told the two suspects the date of the drug transactions. *Id.* at 6–7. Plaintiff claims that this "led up to [his] arrest on the date of Feb 21, 2014, and [contends that] everything that happened in [his] life from Feb 15, 2013 up to Feb 21, 2014 was not [his] fault when [he] did [his] part." *Id.* at 7. Plaintiff alleges that his arrest on February 21, 2014, was due to "the act of misconduct" from the Agency. *Id.*

Finally, Plaintiff argues that Matthews, who was assigned to represent him during his criminal proceedings, violated his constitutional rights by never coming to assist him with his case. *Id.* at 5. Plaintiff states that Matthews first interviewed him on March 27, 2014. *Id*. at 8. Plaintiff alleges that on June 1, 2014, he sent a letter to Judge David S. Norton regarding the police corruption that led to this arrest, and claims that Judge Norton forwarded the letter to Judge Buckner, Solicitor McDuffie, and Matthews. *Id.* at 7. Plaintiff alleges that Matthews interviewed him on July 20, 2014, after he received the documentation from Judge Norton. *Id.* at 8. Plaintiff claims that Matthews showed him "five important material elements that made [his] document and case favorable on [his] behalf." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 9.

II.  Discussion

   A.  Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.  CCSO

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).[2] Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. Sheriffs' departments in South Carolina are considered state agencies. *See Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is

---

[2] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county."). Accordingly, CCSO is exempt from § 1983 liability and should be summarily dismissed from this action.

    2. Colleton County Public Defender Matthews

A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). Plaintiff alleges that Matthews has failed to provide him with effective legal representation. As the performance of traditional legal functions does not constitute state action under § 1983, Matthews is entitled to summary dismissal from this case.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process as to CCSO and Matthews.

    IT IS SO RECOMMENDED.

May 21, 2015  
Charleston, South Carolina

              _____  
               MARY GORDON BAKER  
               UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).